Memorandum: The order of the Appellate Division should be affirmed, with costs to the City of New York.
The rate of interest to he paid upon any judgment or accrued claim against a municipal corporation arising out of a condemnation proceeding ‘ ‘ shall not exceed four per centum per annum ’ ’ (General Municipal Law, § 3-a). An award of costs to a successful appellant is governed by CPLR 8107, which we do not regard as an unconstitutional diminution of the award. As to damage parcels Nos. 27, 272, 273 and 412, we are satisfied that the reductions made in the Appellate Division were supported by a fair preponderance of the evidence. In connection with damage parcels Nos. 27 and 412, we think the court below fell into inadvertent error when it indicated that it had taken into consideration rentals reserved in certain of the leases which were less than the fair rental values at the time of taking (cf. Matter of City of New York [Mott Haven Houses], 33 Misc 2d 808, 809-812, affd. 16 A D 2d 637, affd. 13 N Y 2d 959). However, this does not require a reversal, since as the Appellate Division quite properly observed “ the actual rentals are no absolute criterion ”, which principle it quite evidently took into consideration along with the other proof that was properly adduced bearing on the issue of market value which, when taken together, supports the reduced awards as made which were substantially greater than the capitalized rent reserved in the leases and well within the limits adduced by the city and the claimants’ experts (People ex rel. MacCracken v. Miller, 291 N. Y. 55).
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur in Memorandum ; Judge Van Voorhis dissents and votes to modify the order by reinstating the award of Special Term as to parcels 27, 272, 273 and 412, and, as so modified, to affirm.
Order affirmed, with costs, in a memorandum.