OPINION OF THE COURT

Per Curiam.

In June, 1972 the City of New York condemned 51 parcels of private property for use in Stage II of the Bronxchester Urban Renewal Project. Claimants, owners of four of the affected parcels, filed fixture claims between April, 1974 and January, 1975. Following a lengthy trial, Special Term rendered a tentative compensation award on August 7, 1980 with interest at the statutory rate of 6% computed from the date of taking to the date of payment (General Municipal Law, § 3-a, subd 2). Claimants objected to the proposed award, contending, in part, that interest of 6% when added to the award did not meet the constitu *536 tional requirement of “just compensation” (see US Const, 5th Arndt; NY Const, art I, § 7). On April 2,1981 a separate hearing was held on the issue of interest at which claimant introduced expert testimony that higher rates were paid on public securities, certificates of deposit and bankers’ acceptances during the years at issue (1972-1981). After unsuccessfully attempting to exclude this evidence, the city offered contrary expert testimony in rebuttal.
Special Term determined that claimants were entitled to interest on the respective awards at the rate of 9% from January 1, 1978 to the date of payment and at the rate of 6% from June 23, 1972 to December 31, 1977. The court based its decision upon the economic reports before it, principally those pertaining to medium term public securities since they were found to be the most stable indicators of market interest rates. It found that while interest rates fluctuated around the statutorily prescribed 6% rate during the 1972-1977 period, interest rates consistently rose far above 6% during the period 1978-1981. For that latter period the 6% statutory rate was thereby displaced and Special Term applied a median interest rate of 9% in order to satisfy the constitutional requirement of just compensation. The Appellate Division affirmed, without opinion.
Both the city and the claimants appeal. The city interprets Special Term’s decision as a ruling that subdivision 2 of section 3-a of the General Municipal Law is unconstitutional. It claims that the 6% interest rate satisfies the applicable constitutional standards for the entire period under consideration. Claimants, on the other hand, contend that the expert testimony concerning market interest rates offered at the hearing warrant higher applicable rates than those selected by Special Term for the years 1972-1977 and 1978 to the date of payment.
It is well established that in condemnation proceedings the constitutional requirement of just compensation necessarily includes a sum in addition to the bare value of the property to account for the delay between the taking and the ultimate payment to the property owner (Jacobs v United States, 290 US 13; City of Buffalo v Clement Co., 28 NY2d 241, 265-266; Matter of City of New York [Bronx Riv. Parkway], 284 NY 48, 54-55, affd sub nom. A.F. & G. *537 Realty Corp. v City of New York, 313 US 540; see US Const, 5th Amdt; NY Const, art I, § 7). The property owner is entitled to receive a fair return for the deprivation of the use of the property or the money equivalent of that use (see Matter of County of Nassau [Eveandra Enterprises], 42 NY2d 849, 850, app dsmd 434 US 804; Matter of City of New York [Lincoln Sq. Slum Clearance Project], 15 AD2d 153, 178-182, affd 16 NY2d 497). Moreover, because the ascertainment of just compensation is a judicial question, the amount of interest to be paid as an additional component of such compensation is also a matter for judicial determination (Jacobs v United States, 290 US 13, supra; City of Buffalo v Clement Co., 28 NY2d 241, supra). The Legislature may fix a fair or prima facie measure of the proper interest rate in the first instance, and it has done so in section 3-a of the General Municipal Law,[1] but while that legislatively fixed rate is presumptively reasonable, it is not determinative of the issue. The claimant may introduce relevant evidence of prevailing market rates to rebut the statutory presumption of reasonableness and demonstrate that some higher rate must be paid to afford him just compensation.
We have frequently rejected challenges to the applicable statutory rate of interest in the past because claimants failed to demonstrate that the rate was so “unreasonably low” that it deprived them of just compensation (see Matter of County of Nassau [Eveandra Enterprises], 42 NY2d 849, 850, app dsmd 434 US 804, supra; City of Buffalo v Clement Co., 28 NY2d 241, 265-266, supra; Matter of City of New York [Lincoln Sq. Slum Clearance Project], 15 AD2d 153, 178-182, affd 16 NY2d 497, supra; Matter of City of New York [Bronx Riv. Parkway], 284 NY 48, affd 313 US 540, supra; Matter of City of New York [Washington Hgts.-Highbridge Park Urban Renewal Area], 82 Misc 2d 557, *538 affd 56 AD2d 513, mot for lv to app den 41 NY2d 806; but cf. Matter of City of New York [Manhattan Civic Center Area], 57 Misc 2d 156, affd 32 AD2d 530, affd 27 NY2d 518). In those cases, there were only slight variations between the statutory rate and the prevailing interest rates for public and private securities. A judicially adequate interest rate cannot be tied directly to such changeable and sensitive market indicators (see Matter of County of Nassau [Eveandra Enterprises], supra).
This case arises in the same procedural posture as Matter of City of New York (Manhattan Civic Center Area) (supra) and similarly presents us with affirmed findings of fact. These findings indicate that the 6% statutory rate of interest was inadequate to afford just compensation during the years 1978-1981. At that time, average interest rates on stable investments, such as medium term public securities, ranged between 8.3% in 1978 and 12.5% in 1981. Because this evidence supports the trial court’s affirmed findings concerning the inadequacy of the statutory rate they are beyond review here (see City of Buffalo v Clement Co., 28 NY2d, at p 266, citing Cohen and Karger, Powers of the New York Court of Appeals, pp 476-480). Similarly, the evidence supports the determination that claimant had failed to rebut the reasonableness of the statutory rate for the years 1972-1977, when interest rates fluctuated around 6%. For that period, claimants failed to prove that the statutory rate was so “unreasonably low” as to deprive them of just compensation (see Matter of County of Nassau [Eveandra Enterprises), 42 NY2d 849, supra).[2]
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in Per Curiam opinion.
Order affirmed, without costs.

. Subdivision 2 of section 3-a of the General Municipal Law, in part, provides: “2. The rate of interest to be paid upon any judgment or accrued claim against the municipal corporation arising out of condemnation proceedings or action to recover damages for wrongful death shall not exceed six per centum per annum.” The statute was recently amended (L 1982, ch 681, § 1) to increase the interest rate generally to 9% but the amendment did not alter the 6% rate application to condemnation proceedings and wrongful death actions.

. Contrary to the assertions of the city and the State, this case does not involve the traditional presumption of constitutionality accorded legislative enactments (see Wiggins v Town of Somers, 4 NY2d 215, 218). This is so because the determination of just compensation is a judicial, not a legislative, function (Seaboard Air Line Ry. Co. v United States, 261 US 299, 306). Thus, the statutory rate is entitled to a presumption of reasonableness, not a presumption of constitutionality.