THE LEVERTY AND HURLEY COMPANY *v.*
COMMISSIONER OF TRANSPORTATION
(11418)

PETERS, PARSKEY, SHEA, GRILLO and ARMENTANO, Js.

Argued January 13—decision released March 6, 1984

*Walter A. Flynn, Jr.,* with whom were *Keith A. Rubenstein* and, on the brief, *David Goldstein,* for the appellant (plaintiff).

*Brewster Blackall,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *William A. McQueeney,* assistant attorney general, for the appellee (defendant).

GRILLO, J. The crucial issue presented in this appeal is: Does the limitation of interest upon a condemnation award established by General Statutes § 37-3a violate the condemnee's constitutional right to just compensation?[1]

---

[1] The fifth amendment to the United States constitution provides, in addition to other prohibitions: "[N]or shall private property be taken for public use, without just compensation." Article first, § 11, of the constitution of Connecticut states that "property of no person shall be taken for public use, without just compensation therefor." The due process clause of the fourteenth amendment guarantees a landowner the protection of the fifth amendment relative to just compensation. *E. & F. Construction Co.* v. *Ives,* 156 Conn. 416, 420, 242 A.2d 768 (1968).

On June 21, 1979, the defendant commissioner of transportation acquired by condemnation five parcels of land owned by The Leverty and Hurley Company, the plaintiff. The defendant filed a statement of compensation fixing the damages for the taking at $201,900. The plaintiff appealed, and the hearings were held before a committee of three state trial referees pursuant to General Statutes §§ 13a-76 and 52-434a (b). The committee determined that the plaintiff had sustained damages totaling $401,300 and ordered the defendant to pay to the plaintiff an additional sum of $199,400 with "interest at the legal rate from the date of taking to the date of payment."

After the committee awarded the legal rate of interest, the plaintiff moved for rectification of appeal pursuant to § 3082 of the Practice Book. Succinctly stated, the motion was designed to determine whether the court found that the statutory interest rate on civil judgments was "fair, just and reasonable when measured against a fair and reasonable overall average interest rate which a reasonably prudent investor could have obtained based upon prevailing interest rates during the period from June 21, 1979 through September, 1981."[2] Further, the plaintiff sought to ascertain whether the committee concluded that it was compelled to award the statutory interest rate.[3]

The rectification of appeal confirmed that the committee had overruled the plaintiff's claims of law because it believed that it was compelled to apply the statutory rate of interest. The committee further stated that if it had adopted the reasonably prudent invest-

[2] The plaintiff asserts that these dates pertain to the time between the taking and the trial and that its expert witness's testimony covered that period. We note that the transcript relating to the testimony of the expert is dated October 2, 1981.

[3] On the date of the taking, interest in civil actions was allowed at 6 percent. General Statutes § 37-3a was amended on October 1, 1979, to set the interest rate at 8 percent. See Public Acts 1979, No. 79-364, § 2.

ment standard advocated by the plaintiff, the plaintiff would have been entitled to interest at the rate of 13.5 percent. The Committee specifically found that such percentage would be the average rate of interest which a reasonably prudent investor would have obtained between June, 1979, through September, 1981. The plaintiff herein appeals from the award of the statutory rate of interest.

The fundamental claim of the plaintiff is that eminent domain cases are sui generis and that for the legislature to place a ceiling on the allowance of interest in such cases deprives the landowner of fair, reasonable and just compensation in violation of the state and federal constitutions. The defendant responds that the uniform statutory rate set forth in § 37-3a insures fair and equal treatment to all condemnees; if the plaintiff's position is accepted "there will surely be disparity in the interest awards, some of which conceivably would relate to the same time periods" and further that the result would be unequal treatment of condemnees. We disagree.

The right to award interest in eminent domain actions does not depend upon statutory authority. See 3 Nichols, Eminent Domain (3d Ed.) § 8.63. The determination of just compensation under the fifth amendment is exclusively a judicial function. *United States* v. *New River Collieries Co.,* 262 U.S. 341, 343–44, 43 S. Ct. 565, 67 L. Ed. 1014 (1923). In condemnation cases, even in the absence of a provision for interest in the statute, the constitution requires just compensation, and its ascertainment is a judicial function. *Seaboard Air Line Ry.* v. *United States,* 261 U.S. 299, 304, 43 S. Ct. 354, 67 L. Ed. 664 (1923). A statutory rate of interest can, however, be applied to a claim for just compensation if that rate is deemed reasonable by the court. *Miller* v. *United States,* 620 F.2d 812, 837 (Ct. Cl. 1980). "[T]he ascertainment of just compensation

is a judicial question, the amount of interest to be paid as an additional component . . . is also a matter for judicial determination." (Citations omitted.) *Matter of City of New York,* 58 N.Y.2d 532, 535, 449 N.E.2d 399, 462 N.Y.S.2d 619 (1983).[4]

To cloak the committee inextricably in a statutory straitjacket in determining the amount of interest in condemnation actions would prevent the trier (the committee herein) from equitably considering this element of a condemnation award and thus preclude the committee from exercising its duty to comply with the constitutional mandate requiring "just compensation." Accordingly, we find error in the committee's decision that it was bound by the interest statute.[5]

The plaintiff argues further that the case should be remanded with direction to the committee to award the plaintiff interest at the rate of 13.5 percent through September, 1981, and that a further hearing should be held only to determine the proper rate of interest from

---

[4] In *Matter of City of New York,* 58 N.Y.2d 532, 449 N.E.2d 399, 462 N.Y.S.2d 619 (1983), the Court of Appeals opined that while the legislature may fix a fair or prima facie measure of the proper interest rate, the setting of such rates is not determinative of the issue. The claimant may introduce evidence to rebut the statutory presumption of reasonableness and demonstrate that just compensation required that the claimant be paid a higher rate. The law the court cites, however, contains no reference to a presumption. Subdivision two of section 3-a of the General Municipal Law, in part, provided as follows: "The rate of interest upon any judgment or accrued claim . . . arising out of condemnation proceedings . . . shall not exceed 6 percent per annum." *Matter of City of New York,* supra, 537 n.1. The court observed that it had frequently rejected challenges to the applicable statutory rate of interest because the claimants had failed to demonstrate that the rate was low and thus deprived them of just compensation.

It is interesting to note that the plaintiff herein suggests, as did the plaintiff in *Matter of City of New York,* that the legal rate of interest should be given the effect of a presumption, allowing the condemnee to offer a rebuttal. In the absence of legislative direction, we decline to accord presumption status to the legal rate set forth in § 37-3a.

[5] We recognize that the committee may have felt this compulsion by virtue of our opinion in *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 177 A.2d 673 (1962), with reference to awards of interest. Insofar as that opinion

October, 1981, to the date of payment. This proposal is predicated on the plaintiff's assumption that the committee, in its rectification, indicated unequivocally that absent a requirement that it was bound by the statutory rate of interest, it would have granted the plaintiff interest at the 13.5 rate through September, 1981. The response of the committee via rectification stated that *if* the committee had adopted the plaintiff's claim relative to the "reasonably prudent investment" standard, it would have been entitled to 13.5 percent interest. That finding does not necessarily indicate that the committee would have set that particular interest figure as a fair, just, and reasonable one.

The plaintiff cites *Laurel, Inc.* v. *Commissioner of Transportation,* 180 Conn. 11, 428 A.2d 789 (1980), to support its claim that the "reasonably prudent investor" criterion must be used in determining interest and that such a standard was accepted by the committee in the present matter. In *Laurel,* the state referee concluded that the statutory rate was not just and that in applying the "reasonably prudent investor" rule which the referee adopted, the overall average interest rate of 8.17 percent would render the compensation award fair and just. Nevertheless, the court overruled the plaintiff's claim that it was entitled to 8.17 percent interest. This court sustained the decision, remarking that the condemnation award must rest on equitable principles. *Laurel, Inc.* v. *Commissioner of Transportation,* supra, 46-47. Thus, even had the committee in the present case specifically found that the prudent investor would have realized a 13.5 percent recovery, the court was not compelled to award that rate. See *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612 (1961). The response by

---

is inconsistent with this decision, it is overruled. We do not mean to imply, however, that the trier may not, under the circumstances of a particular case, find that the statutory rate is reasonable and just.

the committee to the motion for rectification does not lend itself to a conclusion that the rate of 13.5 percent, based on equitable considerations, rendered that rate fair and just.[6]

There is error, the judgment is set aside, and the case is remanded to the committee to proceed according to law in compliance with this opinion.

In this opinion the other judges concurred.

---

[6] The evidence was that the 13.5 percent return pertained to investment income fully taxable at ordinary income tax rates. There was also evidence of lower rates for investments producing tax-exempt income, such as state or municipal bonds. The parties do not claim to have presented any evidence or claims of law regarding the income tax treatment of interest allowed as compensation for delay in payment of a condemnation award. See *Seaside Improvement Co.* v. *Commissioner of Internal Revenue,* 105 F.2d 990, 994 (2d Cir. 1939).