■ BALFOUR CONCESSIONS, LTD., et al., Respondents, v CITY OF NEW YORK, Appellant.—Order of the Supreme Court, New York County (Eugene R. Wolin, J.), entered March 19, 1985, and judgment entered thereon March 27, 1985, granting plaintiffs' motion for summary judgment and denying defendant City of New York's cross motion for summary judgment, is reversed, on the law, without costs, and the cross motion by defendant for summary judgment dismissing the complaint granted.

A condemnation proceeding was settled by the parties pursuant to a stipulation which provided, *inter alia,* that the city would pay "lawful interest" on the award. This stipulation was thereafter incorporated into the final decree entered on April 7, 1981. When the city made the final payment on November 1, 1981, it included interest at the statutory rate of 6% pursuant to that decree. Plaintiff Samuel Goldstein & Sons accepted this payment only under protest and commenced this action for the additional interest.

Special Term held that, pursuant to *Matter of South Bronx Neighborhood Dev. Plan* (110 Misc 2d 571, *affd sub nom. Matter of City of New York [Brookfield Refrig. Corp.],* 89 AD2d 948, *affd* 58 NY2d 532), the "lawful interest" for the years 1978 through 1981 is 9% rather than the statutory 6% and awarded plaintiff summary judgment for the higher rate of interest.

However, in *Adventurers Whitestone Corp. v City of New York* (65 NY2d 83, *revg* 102 AD2d 769), the Court of Appeals held that where there was no challenge by the plaintiff to the

statutory rate in the condemnation proceeding, the plaintiff could not commence an independent action for such additional interest and could recover only the statutory rate.

As in *Adventurers Whitestone (supra,* p 91), plaintiff herein "neither raised the question of the rate of interest constitutionally required in the condemnation proceeding nor preserved by stipulation its right to litigate the issue in another forum", and is, therefore, barred by res judicata from any further claim. *(See also, Glantz v City of New York,* 116 AD2d 498 [1st Dept].)

The use of the term "lawful interest" in the stipulation does not change this result since the use of this term predated the nisi prius decision in *Brookfield (supra)* and, therefore, could only signify the 6% statutory rate of interest. Concur—Asch and Milonas, JJ. Wallach, J., concurs with the majority writing and in a separate memorandum; Kupferman, J. P., and Fein, J., dissent in a memorandum by Fein, J., all as follows: Wallach, J. (concurring).

I concur with the majority that plaintiffs are entitled to prejudgment interest of only 6%, the rate fixed by General Municipal Law § 3-a (2). I write separately to address the dissent's contention that the city is "estopped from relitigating" the lawfulness of the 6% rate, the issue having been decided against it in *Matter of City of New York (Brookfield Refrig. Corp.)* (58 NY2d 532). The very same argument was made by the claimant in *Adventurers Whitestone Corp. v City of New York* (65 NY2d 83, 86, 88, *appeal dismissed* — US —, 88 L Ed 2d 276) to no avail. Rejection of this argument necessarily implies that challenges to the statutory rate be entertained only on a case-by-case basis, upon proof specific not only to the period of the delay between the taking and the judgment, but also to the particular claimants and parcel involved. Such challenges to the statutory rate, *Adventurers Whitestone* also makes clear, must be made in the condemnation proceeding *(supra,* at pp 85, 86-87), unless there is " 'an express agreement between the parties that the question as to the right to recover interest should be reserved and determined by an action to be brought by plaintiff' " *(supra,* at p 90, quoting *Grote v City of New York,* 190 NY 235, 237). The dissent finds such an agreement in the parties' use of the word "lawful" to qualify the city's obligation to pay prejudgment interest, but, aside from the ambiguity of the word itself, the circumstances show otherwise. At the time the parties entered into their stipulation providing for payment of "lawful interest", *Brookfield* was pending before Special Term, known to

the condemnation Bar according to plaintiffs, and understood by the latter to involve the constitutionality, or "lawfulness", of the statutory rate. As much is apparent from the demand plaintiffs made for payment of 9% interest, as well as by the complaint itself, both of which were predicated on *Brookfield's* ostensibly preclusive effect. It must be, therefore, that the reference to "lawful interest" in the stipulation was intended, at least as far as plaintiffs were concerned, not as a reservation of the right to litigate the amount of prejudgment interest in a second action, but rather to secure to plaintiffs the benefit of whatever binding effect *Brookfield* might be found to have. That *Brookfield* has no such effect—that it was not, as plaintiffs thought it would be, a declaration on the constitutionality of the statutory rate—is made clear by *Adventurers Whitestone*. Not only is the statutory rate perfectly "lawful", but, moreover, it continues to be "presumptively reasonable", and nothing in *Brookfield* should be read as undermining that presumption. Put otherwise, the parties tied plaintiffs' right to interest at a rate higher than that provided by the statute to the impact of the then-pending *Brookfield* case, each confident of the opposite result. The city's prognostication having been validated, it should now prevail here. As Justice Holmes wrote in *The Path of the Law* (10 Harv L Rev 457, 460): "The prophecies of what the courts will do in fact, and nothing more pretentious, are what I mean by the law." And nothing more than this is what these parties meant by their use of the word "lawful".

Fein, J. (dissenting).

I would affirm the order granting summary judgment to plaintiff, and the judgment entered thereon.

When the condemnation proceeding was settled by the parties, the stipulation of settlement provided in pertinent part that the city would pay "lawful interest" on the award. This stipulation was incorporated into the final decree, entered April 7, 1981. At that time the statutory rate of interest was 6%. When the city made final payment, pursuant to the decree, it included interest at the statutory rate. Plaintiff accepted this payment only under protest and commenced this action for the additional interest.

Special Term properly held, in reliance on *Matter of South Bronx Neighborhood Dev. Plan* (110 Misc 2d 571, *affd sub nom. Matter of City of New York [Brookfield Refrig. Corp.]*, 89 AD2d 948, *affd* 58 NY2d 532), that the "lawful interest" upon a condemnation award for the years 1978 through 1981 was 9%, rather than the statutory rate of 6%. The issue had been

fully litigated in that case. It covered the very years here involved, as Special Term noted. Thus the city was estopped from relitigating the issue (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65; Matter of Jones v Berman, 37 NY2d 42).

The majority's reliance upon Adventurers Whitestone Corp. v City of New York (65 NY2d 83, appeal dismissed — US —, 88 L Ed 2d 276) is misplaced. In that case, the Court of Appeals held that plaintiff was barred by res judicata from litigating the issue in an independent action, because it "neither raised the question of the rate of interest constitutionally required in the condemnation proceeding nor preserved by stipulation its right to litigate the issue in another forum." (65 NY2d, at p 91.)

On the contrary, in our case the issue was raised and preserved in the stipulation of settlement "attached" to the final decree and judgment. The use of the term "lawful interest" manifested a clear intent to incorporate the interest found to be lawful in the pending litigation or to be open to independent litigation. An independent action may be brought to enforce a stipulation of settlement (Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435; Teitelbaum Holdings v Gold, 48 NY2d 51). The use of the term "lawful interest" could not mean the statutory rate of 6%, else the term "statutory interest" or "interest" would have been used. "Lawful interest" could only mean the rate found to be "lawful" in the then-pending litigation, resolved in Brookfield (supra). The use of the term preserved the issue, thus meeting the preservation issue raised in Adventurers (supra).

Plaintiff is entitled to judgment.