[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 31, 1995, this court filed its memorandum of decision. On April 20, 1995, the defendant, Conservation Commission of the Town of Redding, filed its notice of appeal to the Appellate Court. On the same date, the plaintiff filed a motion for reargument asking the court to clarify its remand order.
The plaintiff's subject motion was filed pursuant to Practice Book, Sec. 204a which is entitled "Motions Which Delay the Commencement of the Appeal Period." Since the appeal had already been filed, the appropriate motion to correct alleged improprieties in the memorandum of decision would be a motion to articulate, pursuant to Practice Book, Sec. 4051. This motion is filed with the Appellate Court and procedurally would be in accord with the view expressed in Leverty Hurley Co. v.Commissioner of Transportation, 192 Conn. 377, 379, 471 A.2d 958
(1984) where the court indicated that a section 4051 motion is the appropriate vehicle obtain a clarification of the trial court's ruling. CT Page 7080
Further, the federal courts have held that the filing of a notice of appeal transfers jurisdiction over the case from the trial court to the Appellate Court. See Hovey v. McDonald,109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883) (filing of notice of appeal terminates trial court's jurisdiction over the case); see also DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 916 (1st Cir. 1992) (same). This view is consistent with the section 4051 requirement that motions addressed to the trial court's decision, docketed after the filing of the notice of appeal, must be filed in the first instance at the appeals level. Practice Book, Sec. 4051. Thereafter, the Appellate Court may refer the matter back to the trial court. Id.
The motion is denied.
Mihalakos, J.