■ METROPOLITAN TRANSPORTATION AUTHORITY, Appellant, v AMERICAN PEN CORP., Respondent, et al., Respondent. [676 NYS2d 577] —Judgment, Supreme Court, Bronx County (Howard

Silver, J.), entered December 24, 1996, which, *inter alia,* added 9% prejudgment interest to the $420,000 additional compensation awarded to respondent (an additional $321,300), plus additional interest at 9% on the combined amount ($741,300) until the date of payment pursuant to McKinney's Unconsolidated Laws of NY § 2501 (L 1939, ch 585, as amended by L 1982, ch 681, § 4), unanimously modified, on the law, to the extent of vacating the award of prejudgment interest and remanding the matter for a hearing as to whether the 9% maximum statutory rate applicable to prejudgment interest is reasonable, and to the further extent of striking that portion of the judgment indicating that postjudgment interest is to be awarded at a rate of 9% and substituting therefor the direction that postjudgment interest is to be awarded at a rate of 4% pursuant to Public Authorities Law § 1276 (5), and otherwise affirmed, without costs.

We agree with the trial court to the extent that the statutorily applicable rate of prejudgment interest on the instant condemnation award may be as high as 9% pursuant to McKinney's Unconsolidated Laws of NY § 2501 (*Matter of Metropolitan Transp. Auth. v Capolino Design & Renovation,* 123 AD2d 696, 700, *lv denied* 69 NY2d 610 [applying the 9% rate set forth in McKinney's Uncons Laws of NY § 2501 to a prejudgment condemnation award]), since that section applies to accrued claims as well as judgments (*compare,* Public Authorities Law § 1276 [5]; *see also, McGale v Metropolitan Transp. Auth.,* 76 AD2d 38, 47, *lv denied* 52 NY2d 862 [4% rate set forth in Public Authorities Law § 1276 (5) applies only to judgments]). However, since prejudgment interest is constitutionally required on condemnation awards, and since its determination is essentially a judicial, and not a legislative, function, the statutorily applicable rate of interest is only presumptively valid (*see, Adventurers Whitestone Corp. v City of New York,* 65 NY2d 83, 87-88, *appeal dismissed* 474 US 935). The matter should, therefore, be remanded for a hearing to determine whether the maximum applicable statutory prejudgment interest rate of 9% is, under the circumstances of the instant case, reasonable. Upon remand, Metropolitan Transportation Authority, as the party challenging the reasonableness of the 9% statutory rate, bears the burden of proving that it is unreasonably high, and that a lower rate of interest would be constitutionally sufficient (*see, supra; Matter of New York State Urban Dev. Corp. [42nd St. Dev. Project],* 176 Misc 2d 772 [Sup Ct, NY County, Parness, J.]).

Postjudgment interest upon a condemnation award, on the

other hand, is a matter of legislative grace (*see, Matter of Rochester Carting Co. v Levitt*, 36 NY2d 264, 267-268), and therefore should be fixed in accordance with Public Authorities Law § 1276 (5) (*see, McGale v Metropolitan Transp. Auth., supra*). While that statute sets 4% per annum as a ceiling that shall not be exceeded (*see, Rodriguez v New York City Hous. Auth.*, 91 NY2d 76), we find the 4% rate to be reasonable in this case.

We have considered petitioner's remaining contention and find it to be without merit. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.