[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 8, 2001, the Commissioner of Transportation acting for the State of Connecticut filed a Notice of Condemnation and Assessment of Damages with the Clerk of the Superior Court for the Judicial District of Ansonia-Milford concerning property located on Rt. 1, the Boston Post Road, in Milford, Connecticut. The owners of record and other interested parties were served with notice of the condemnation and the assessment of damages which the Commissioner determined to be $28,900.
The owners of the property, Ann Roller Schuchmann, Dorothy Brower Roller and Hugo Roller, Jr. appeared by counsel and filed the appeal with which this court is now concerned. The remaining entities noticed in the taking waived any interest in the deposit of $28,900 as paid into the court by the Commissioner and the same was made available to the respondents. Claiming that the assessment of damages resulting from the taking was inadequate, this appeal was filed and a hearing was held by the court on February 26, 2002 wherein both the defendant/appellants and the State of Connecticut offered evidence by way of testimony of real estate appraisers. Subsequent to the hearing, the court viewed the premises along with counsel for the parties. Those proceedings were conducted pursuant to Sec. 13a-76 of the Connecticut General Statutes. CT Page 4866
The court is now required to make a determination as to the fair market value of the land taken by the State and whether the value of the land taken exceeds the deposit by the State of $28,900 as claimed by the defendants.
The Supreme Court has defined the scope of this court's obligation and indicated that:
"[T]rial courts must be afforded substantial discretion in choosing the most appropriate method of determining the value of a taken property. . . . In condemnation proceedings the trial court is more than a trier of facts or an arbiter of differing opinions of witnesses; it is charged with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, its general knowledge and its viewing of the premises." French v. Clinton,215 Conn. 197, 200-201, 575 A.2d 686 (1990. See also Minicucci v.Commissioner of Transportation, 211 Conn. 383, 559 A.2d 216 (1989). The court is not, as a matter of law, bound by the valuations and valuation methods used by the appraisers, but it can consider the comparable sales of land that were in evidence, as well as the raw data used, in independently determining fair market value. Second Stone RidgeCooperative Corporation v. Bridgeport, 220 Conn. 335, 342, 597 A.2d 326
(1991).
Defendant/appellants using four comparable sales, two of which were on the Post Road, concluded that the property value to be $15 sq./ft. and with the property taken being 2,561 square feet. The value of the State's acquisition according to the defendant/appellants was therefore $38,415. (See P. Ex. 2)
The appraisal done on behalf of the state produced an evaluation of the taking to be $28,900 based upon a value of $8.49 sq./ft. (See D. Ex. 3) The figure was based upon three comparable sales of property located on the Boston Post Road as is the subject property. Both appraisers utilized the accepted, value. before/value after method to arrive at their evaluations.
The defendant/appellants' comparable sales parcels included two properties on the Post Road and two elsewhere. As pointed out in the State's memorandum, the average square foot value on an adjusted basis was $13.47 sq./ft. as determined by defendant/appellants' appraiser. However, this appraiser went on to opine that the value of the property taken was $15 sq./ft. This apparently resulted from his evaluation of value of adjacent properties. An inspection of the subject property by the court revealed the significant presence of wetland as well as a drainage right of way in favor of a neighboring property owner. CT Page 4867 Additionally, the court observed the tract's topography which would require significant site work for development. Defendants' appraiser noted only a "downward slope" which appears somewhat of an understatement.
Defendant/appellants' appraiser also testified that while the wetlands constituted one-half of the total acreage, he did not specifically note the effect on the value of the subject property due to the wetlands. Also, he testified he did not consider what effect the existing drainage easement would have on the value of the property. It is apparent to the court that the presence of significant wetland areas is not an attribute enhancing the value of the property to any prospective purchaser.
Using only the defendants comparables which were located on the Boston Post Road, comparables 1 and 4; $18.10 and $18.40 and the plaintiff's comparables (also on the Post Road) 1, 2, 3; $8.25, $8.49 and $8.57, respectively, the average of them all equals $12.36 sq./ft. Considering the presence of wetlands and the drainage easement as regards the defendant/appellants' property and considering that the plaintiff's appraisal is based upon comparable sales of several years ago without regard to any inflationary factors, the court is of the opinion that a sq./ft. evaluation of value should approximate $12.50 sq./ft. The value of the taking is therefore $31,012.50. To this is added the agreed cost to relocate a sign; $5,740.00. The total therefore is $37,752.50. Deducting the deposit of $28,900, additional damages due the owners of the property is found to be $8,852.50. The defendant is also entitled to the appraiser's fee which was submitted in the amount of $1,000 and which the court finds reasonable. To this amount must be added interest as due to the appellants which the court determines to be six percent from June 8, 2001, together with taxable costs. Sec. 13a-77 C.G.S. Leverty Hurley Co. v. Commissioner of Transportation, 192 Conn. 377, 380.
____________________ George W. Ripley II Judge Trial Referee CT Page 4868