STATE OF CONNECTICUT *v.* GUY LOUISE-JULIE
(AC 19477)

STATE OF CONNECTICUT *v.* ANN LOUISE-JULIE
(AC 19479)

Lavery, C. J., and Spear and Pellegrino, Js.

Argued September 11—officially released November 28, 2000

*Norman A. Pattis*, with whom, on the brief, was *John R. Williams*, for the appellants (defendant in each case).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Susan Naide*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendants, Guy Louise-Julie and Ann Louise-Julie, appeal from the trial court's denial of their motions to vacate their guilty pleas.[1] On appeal, the defendants claim that the court improperly denied their motions because their separate trial counsels were ineffective when they (1) failed to conduct a proper forensic investigation, (2) did not prepare for trial, (3) first advised the defendants that their trial was going forward shortly before the trial was scheduled to begin, thereby depriving them of time to review and consider their options, and (4) advised the defendants, without any factual basis, that racism would infect the trial because of pretrial publicity. We affirm the judgments of the trial court.

The court's memorandum of decision and the record disclose the following facts and procedural history. The defendants are married and self-employed. After several business reversals, they applied for and received state assistance. In February, 1997, the state seized business records from the defendants' home pursuant to a search warrant. After reviewing the records, the state accused the defendants of concealing income and assets when they applied for state aid. On March 25, 1997, the defendants were arrested in connection with the defrauding of a public community. The state charged each defendant with one count of larceny in the first degree in violation of General Statutes § 53a-122 and one count of conspiracy to commit larceny in the first degree in violation of General Statutes §§ 53a-48 and 53a-122.

---

[1] We treat the appeals as one appeal because the facts of each case, and the defendants' briefs and claims are identical.

On July 8, 1998, the defendants entered guilty pleas under the *Alford* doctrine.[2] During the plea canvass, the defendants agreed that they had sufficient time to talk to their respective counsel and were satisfied with the advice that counsel provided. Prior to sentencing, the defendants filed identical motions to vacate their guilty pleas, claiming, inter alia, that their pleas were a result of ineffective assistance of counsel. At the hearing on the motions to vacate, the defendants presented only their own testimony. They did not call their trial attorneys or the forensic financial consultant who their trial counsel had retained. The court denied their motions to vacate and thereafter sentenced each defendant. This appeal followed.

I

The defendants first claim that the court improperly denied their motions to vacate their guilty pleas because their counsel were ineffective when they failed to conduct a proper forensic investigation, thereby violating the defendants' rights to effective assistance of counsel under the sixth and fourteenth amendments to the United States constitution, and article first, § 8, of the constitution of Connecticut.[3] We disagree.

---

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 35–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), permits a criminal defendant to plead guilty without admitting that he committed the crime in order to take advantage of a plea bargain and to avoid the risk of conviction after a trial and possibly a more severe sentence.

[3] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

Article first, § 8, of the constitution of Connecticut also guarantees the right to effective assistance of counsel and provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ."

Our standard of review of the court's denial of a motion to vacate a guilty plea is limited to a determination of whether, by such denial, the court abused its discretion. See *State* v. *Rothenberg*, 195 Conn. 253, 264, 487 A.2d 545 (1985); see also *State* v. *Leavitt*, 8 Conn. App. 517, 524, 513 A.2d 744, cert. denied, 201 Conn. 810, 516 A.2d 886 (1986). In making that determination, we must assess the merit of the defendants' claims of ineffective assistance of counsel.

In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court adopted a two part standard for evaluating claims of ineffective assistance of counsel pursuant to which a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that defense counsel's deficient performance prejudiced the defense. *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 154, 662 A.2d 718 (1995); see also *Daniel* v. *Commissioner of Correction*, 57 Conn. App. 651, 664–65, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024 (2000). To prevail, a defendant must satisfy both prongs of the *Strickland* test. *Quintana* v. *Commissioner of Correction*, 55 Conn. App. 426, 445, 739 A.2d 701, cert. denied, 252 Conn. 904, 743 A.2d 614 (1999).

Here, the court determined that the defendants failed to meet the first prong of the *Strickland* test. We agree. The defendants failed to show that their counsels' representation fell below an objective standard of reasonableness or that counsels' conduct was deficient with regard to the forensic investigation. The court found and concluded in its memorandum of decision that "[a] forensic financial consultant was retained by defense counsel. The consultant examined financial documents that the state had disclosed to the defendants and provided defense counsel with an analysis of the state's claims." We conclude that there is evidence to support

the court's finding that there was no deficient performance; therefore, the court did not abuse its discretion by denying the defendants' motions. Because the defendants failed to prove deficient performance, we need not consider the prejudice prong of the *Strickland* test. See *Foreshaw* v. *Commissioner*, 48 Conn. App. 122, 128, 708 A.2d 600, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998).

## II

We next turn to the defendants' additional claims that their counsel (1) did not prepare for trial, (2) first advised the defendants that their trial was going forward just before the commencement of the trial, thereby depriving them of time to review and consider their options, and (3) without any factual basis, counseled the defendants that a trial would be infected by racism because of pretrial publicity.[4] We decline to review these claims.

Pursuant to Practice Book § 61-10,[5] it is the appellant's responsibility to provide an adequate record for review. That responsibility includes moving for articulation when the trial court has failed to state the basis

[4] At oral argument before us, the defendants also claimed that they should prevail because (1) the state did not present evidence to contradict their testimony, (2) the court did not expressly state that it disbelieved their testimony and (3) the court improperly "ignored" some of their claims. Those claims were not briefed and, therefore, are not entitled to review. See *In re Adelina G.*, 56 Conn. App. 40, 42, 740 A.2d 920 (1999) (issue regarding dispositional phase raised during oral arguments not briefed and, therefore, not entitled to review); see also *Shew* v. *Freedom of Information Commission*, 245 Conn. 149, 166 n.20, 714 A.2d 664 (1998) (issue not briefed not entitled to review).

[5] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

of a decision; *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995); the legal basis of a ruling is unclear; *Leverty & Hurley Co.* v. *Commissioner of Transportation*, 192 Conn. 377, 379, 471 A.2d 958 (1984); or the court has overlooked a matter. *Wolk* v. *Wolk*, 191 Conn. 328, 335 n.1, 464 A.2d 780 (1983). The court made no specific findings regarding these three additional claims, and the defendants failed to seek an articulation pursuant to Practice Book § 66-5.[6] We will not review these claims without a basis for ascertaining why the court made no specific findings as to them.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[6] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . ."