### STEPHEN CESLIK *v.* LAUREN WINER
### (AC 14367)

Lavery, C. J., and Foti and Daly, Js.

Argued January 22—officially released April 10, 2001

*Stephen Ceslik*, pro se, the appellant (plaintiff).

*H. Jeffrey Beck*, for the appellee (defendant).

DALY, J. The plaintiff, Stephen Ceslik, appeals from the denial of his motion for a new trial based on newly discovered evidence. On appeal, the plaintiff claims that the trial court improperly (1) ruled on his substituted motion for new trial without holding a hearing and (2) denied his motion for a new trial. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff brought an action to recover on a promissory note, which was heard by an attorney trial referee. The attorney trial referee recommended that the court render judgment in favor of the defendant. The court rendered judgment in accordance with the referee's recommendation, and the plaintiff filed both a motion for a new trial based on newly discovered evidence and an appeal of the trial court's decision. This court disposed of the direct appeal on April 18, 1995. *Ceslik* v. *Winer*, 37 Conn. App. 919, 655 A.2d 1176, cert. denied, 234 Conn. 909, 659 A.2d 1207 (1995). The trial court denied the plaintiff's motion for a new trial without conducting a hearing or setting forth findings of fact, conclusions of law or an explanation of its decision. The plaintiff then filed the present appeal, challenging the denial of his motion for a new trial.

We must first address the threshold question of whether the appeal is reviewable. The court denied the plaintiff's motion for a new trial without issuing a written memorandum of decision or making any findings of fact on the record. As a result, the record on appeal does not contain a written memorandum of decision. This court has consistently adhered to the rule of Practice Book § 61-10,[1] which provides that it is the

[1] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term

responsibility of the appellant to provide an adequate record for review. *Hartford* v. *Pan Pacific Development (Connecticut), Inc.*, 61 Conn. App. 481, 488, 764 A.2d 1273 (2001); *Summerbrook West, L.C.* v. *Foston*, 56 Conn. App. 339, 345, 742 A.2d 831 (2000); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 60i, p. 387. It was, therefore, incumbent on the plaintiff to move for an articulation of the court's ruling pursuant to Practice Book § 66-5.[2]

Further, this court has held that the responsibility that arises out of Practice Book § 61-10 "includes moving for articulation when the trial court has failed to state the basis of a decision; *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995); [or when] the legal basis of a ruling is unclear; *Leverty & Hurley Co.* v. *Commissioner of Transportation*, 192 Conn. 377, 379, 471 A.2d 958 (1984) . . . ." *State* v. *Louise-Julie*, 60 Conn. App. 837, 841–42, 762 A.2d 913 (2000), cert. denied, 255 Conn. 929, 930, 767 A.2d 102, 103 (2001).

The plaintiff's failure to request an articulation of the court's decision pursuant to Practice Book § 66-5 has resulted in an inadequate record for this court to review the court's factual findings that formed the basis of its decision. Thus, "[w]e are . . . left to surmise or speculate as to the existence of a factual predicate for the trial court's [ruling]. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the nec-

'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

[2] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . ."

essary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Internal quotation marks omitted.) *Summerbrook West, L.C.* v. *Foston,* supra, 56 Conn. App. 346–47.

Moreover, "[t]his court has repeatedly emphasized the importance of compliance with Practice Book § 64-1[3] and has frequently declined to review claims when the appellant fails to provide the court with an adequate record for review." (Internal quotation marks omitted.) Id., 345. Because the plaintiff failed to request an articulation of the court's decision pursuant to Practice Book § 66-5, we have an inadequate record before us and, therefore, do not make any further inquiry.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Practice Book § 64-1 (a) provides in relevant part: "The court shall state its decision either orally or in writing, in all of the following: (1) in rendering judgments in trials to the court in civil and criminal matters, including rulings regarding motions for stay of executions, (2) in ruling on aggravating and mitigating factors in capital penalty hearings conducted to the court, (3) in ruling on motions to dismiss under Section 41-8, (4) in ruling on motions to suppress under Section 41-12, (5) in granting a motion to set aside a verdict under Section 16-35, and (6) in making any other rulings that constitute a final judgment for purposes of appeal under Section 61-1, including those that do not terminate the proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office. . . ."