### CHARLENE A. TURTURINO *v.* MARTHA N. HURLEY (AC 26847)

Flynn, C. J., and Bishop and McLachlan, Js.

---

260

Submitted on briefs September 26—officially released October 24, 2006

*Geoffrey S. Brandner* and *John Lino Ponzini* filed a brief for the appellant (plaintiff).

*Dennis F. McCarthy* and *Charlene M. Russo* filed a brief for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Charlene A. Turturino, appeals from the judgment of the trial court, rendered after a general jury verdict in favor of the defendant, Martha N. Hurley, in this negligence action arising out of a motor vehicle accident. On appeal, the plaintiff claims that the court improperly failed to set aside the verdict when the verdict was against the weight of the evidence. Concluding that the general verdict rule applies in this case, we affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 20, 2000, the plaintiff was traveling westbound on East Putnam Avenue in Greenwich; the defendant was traveling eastbound. The speed limit was thirty miles per hour. As the defendant approached the intersection of Taylor Drive, the traffic signal was green, and the defendant saw no oncoming traffic. The defendant engaged her left turn signal and, not immediately seeing the plaintiff's automobile, proceeded into the intersection in an attempt to turn left. The plaintiff slammed on her brakes, skidding more than sixty five feet, before hitting the right rear side of the defendant's automobile, which was between 50 and 75 percent of the way through the intersection at the time of impact. The plaintiff brought an action in negligence against the defendant to recover her damages. The defendant denied that she was negligent and pleaded a special defense alleging that the plaintiff was negligent for, among other things, driving at an unreasonable rate of speed and failing to keep a proper lookout.

On April 22, 2005, the jury returned a general verdict in favor of the defendant, and the plaintiff filed a motion to set aside the verdict, claiming that it was against the weight of the evidence. The court denied the motion and judgment was rendered in favor of the defendant. This appeal followed.[1]

On appeal, the plaintiff claims that the court improperly denied her motion to set aside the verdict because the verdict was against the weight of the evidence.

---

[1] The plaintiff filed a motion requesting that the court articulate the basis for its denial of the motion to set aside the verdict. In its articulation, the court explained: "The evidence presented at the time of trial indicated that the plaintiff was proceeding at an excessive rate of speed and had ample opportunity to observe the defendant's movement into the intersection. The issues of lookout and speed were severely contested, but clearly supported the jury's verdict that the plaintiff had adequate opportunity to avoid the collision, that her speed was excessive and that the defendant had traversed about three-fourths of the intersection when the collision occurred."

Generally, her brief focuses on the argument that there was no credible evidence that she was traveling at an excessive rate of speed. We conclude that the general verdict rule precludes our review of the plaintiff's claim.[2]

The general verdict rule provides that "if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). "Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. . . . Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." (Internal quotation marks omitted.) *D'Alesandro* v. *Clare*, 74 Conn. App. 177, 180–81, 812 A.2d 76 (2002).

Our Supreme Court has held that the general verdict rule applies, inter alia, to a situation in which there has been a denial of a complaint along with the pleading of a special defense. See *Curry* v. *Burns*, supra, 225 Conn. 801. This case falls under that application of the general verdict rule because there was a denial of the complaint and the pleading of a special defense.

---

[2] The defendant has briefed the applicability of the general verdict rule in this case. The plaintiff, however, has provided no argument or analysis in her main brief as to why the rule would not apply in this case, nor has she filed a reply brief.

In her answer, the defendant both denied the plaintiff's allegations of negligence as set forth in the complaint and raised the plaintiff's negligence as a special defense, either of which could have been the basis for the jury's verdict in favor of the defendant. Even if we were to agree with the plaintiff that there was no evidence, credible or otherwise, that she was traveling at an excessive rate of speed, we would have no way of assessing the basis of the verdict because no interrogatories were submitted to the jury. The defendant's denial of the plaintiff's allegations of negligence and the defendant's special defense constituted two separate and distinct defenses, either of which may have supported the jury's verdict. See *Stone* v. *Bastarache*, 188 Conn. 201, 205, 449 A.2d 142 (1982). Without the benefit of interrogatories, we are not able to determine whether the jury found for the defendant because the plaintiff failed to prove the allegations set forth in her complaint or because the defendant prevailed on her special defense. We therefore must presume that the jury found all issues in favor of the defendant and apply the general verdict rule. See *Mazuroski* v. *Hernovich*, 42 Conn. App. 574, 578, 680 A.2d 1007, cert. denied, 239 Conn. 922, 682 A.2d 1003 (1996). Such application, however, precludes our review of the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.