CAROL S. MODUGNO *v.* COLONY FARMS OF
COLCHESTER, INC., ET AL.
(AC 28672)

McLachlan, Harper and Beach, Js.

Argued February 21—officially released September 9, 2008

*Keith Yagaloff*, for the appellant (plaintiff).

*Michael J. Tortora*, for the appellee (named defendant).

*Opinion*

HARPER, J. The plaintiff, Carol S. Modugno, appeals from the judgment of the trial court, rendered after the jury's verdict in favor of the defendant Colony Farms

of Colchester, Inc.[1] On appeal, the plaintiff claims that the court improperly denied her motion for a new trial. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our review. The plaintiff commenced this premises liability action in June, 2005. In her complaint, the plaintiff alleged that the defendant operated on its property a gasoline station and a farm stand and that she had been injured after tripping over a rocky, hilly parcel of terrain that led from the defendant's parking lot to the farm stand. She further alleged that the defendant had been negligent, inter alia, in permitting the rocky condition to exist. On August 30, 2005, the defendant filed an answer that denied the plaintiff's allegation of premises liability negligence. The defendant also asserted two special defenses: (1) that the plaintiff's claims were limited, if not barred, by the doctrine of comparative negligence, pursuant to General Statutes § 52-572h (b); and (2) that any dangerous condition on the defendant's property was open and notorious.

The case was tried to the jury in September, 2006. On September 26, 2006, the jury returned a verdict in favor of the defendant, which the court accepted. The parties did not submit written interrogatories to the jury. The plaintiff thereafter filed a motion for a new trial, arguing that the court improperly (1) permitted the defendant to argue, during closing argument, that the plaintiff had failed to seek treatment for her alleged injuries during a certain period of time, (2) permitted the defendant to argue, during closing argument, that the plaintiff had not been prescribed ibuprofen during that same period and (3) excluded testimony about the zoning regulations, permit requirements and site plan

---

[1] William F. Loughery, an employee of the defendant Colony Farms of Colchester, Inc., was also named as a defendant. Shortly before trial, the plaintiff withdrew her complaint against him. We therefore refer in this opinion to Colony Farms of Colchester, Inc., as the defendant.

applicable to the defendant. The plaintiff also argued that the first two of these three improprieties improperly called her credibility into question. On February 7, 2007, the court denied the plaintiff's motion. This appeal followed.

I

The plaintiff on appeal has renewed the claims contained in her motion for a new trial. Upon careful consideration, we conclude that, to the extent that the plaintiff's claims involve the admissibility of the subject evidence, the general verdict rule precludes us from reviewing those claims.[2]

The general verdict rule provides that "if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). "Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . Our Supreme Court has held that the general verdict rule applies, inter alia, to a situation in which there has been a denial of a complaint along with the pleading of a special defense." (Citation omitted; internal quotation marks omitted.) *Turturino* v. *Hurley*, 98 Conn. App. 259, 262, 907 A.2d 1266 (2006).

The present case involves just such a scenario. The plaintiff's allegation of premises liability negligence was denied by the defendant, and the defendant pleaded two special defenses. Therefore, to determine if the

---

[2] On February 5, 2008, we notified the parties via letter to be prepared to address at oral argument "any questions that the court might have as to whether the general verdict rule precludes appellate review of the plaintiff's claims on appeal."

general verdict rule precludes our review of the plaintiff's claims, we must determine whether the claimed improprieties relate to either of the two grounds on which the jury might have based its verdict. See *Diener* v. *Tiago*, 80 Conn. App. 597, 602, 836 A.2d 1224 (2003).

The plaintiff first claims that because the defendant failed to introduce medical records to show that the plaintiff had ceased treating her alleged injury for a certain period of time, the court improperly permitted the defendant to argue that the plaintiff had done so. Our careful review of the record reveals that this claim is in no way relevant to whether the plaintiff may have been contributorily negligent or whether any defective condition on the defendant's property may have been open and notorious, as alleged in the defendant's two special defenses. Rather, the issue of whether the plaintiff continuously treated her alleged injury is relevant to her allegation of premises liability negligence contained in the complaint itself; specifically, the claim relates to whether the plaintiff had been injured at all and to the extent of that injury. The plaintiff's second claim, which is that the court improperly permitted the defendant to state that the plaintiff had failed to obtain a prescription for ibuprofen during that same time period, similarly, is relevant only to the plaintiff's allegation of premises liability negligence and irrelevant to the defendant's special defenses.

The plaintiff's final claim, which is that the court improperly excluded testimony about the zoning regulations, permit requirements and site plan applicable to the defendant, is relevant to whether a deficient condition existed on the defendant's property and, thus, also relates only to the plaintiff's allegation of premises liability negligence. The nexus between the plaintiff's third claim and her allegation of premises liability negligence is more attenuated than that of her first two claims and, thus, deserves further explanation. The following

colloquy, which occurred during oral argument before this court, and during which the plaintiff attempted to allay our concerns that the general verdict rule may preclude our review of her claims, serves to explain this nexus:

"The plaintiff's attorney: [T]he site plan would have shown that there was actually a sidewalk that ran in front of the entire property along the road and that this [farm stand] was supposed to be sited adjacent to the sidewalk.

"Judge Beach: So, had this site plan been adhered to, then your position is that your client would not have walked on that uneven surface.

"The plaintiff's attorney: That would be part of it, Your Honor, and that the [defendant] allowed the dangerous defect to be created and to exist and didn't do anything about it because of the fact that it . . . put [its farm stand] on a piece of property not in a location [it] was supposed to put it in, not with the sidewalk that was supposed to be adjacent to the [farm stand].

* * *

"[I]n this case, if [the jury] heard [this evidence], we think, Your Honor, [that it] would have assessed the nature of the danger, the obligation to inspect and maintain differently than [it] did."

This statement that had the jury heard of the alleged site plan violations, it would have "assessed the nature of the danger . . . differently than [it] did" demonstrates a fundamental misunderstanding of the general verdict rule on the part of the plaintiff, because this evidence is simply not relevant to whether the defendant should prevail with respect to its special defenses. Without the benefit of interrogatories, we are not able to determine whether the jury found for the defendant

because the plaintiff failed to prove the allegations set forth in her complaint or because the defendant prevailed on its special defenses. We therefore must presume that the jury found all the issues in favor of the defendant. See *Turturino* v. *Hurley*, supra, 98 Conn. App. 263. Because each of the claimed improprieties relates only to the allegations of premises liability negligence contained in the plaintiff's complaint, and not to the allegations contained in the defendant's special defenses, the general verdict rule precludes our review of the plaintiff's claims to the extent that they involve the admissibility of the subject evidence.

## II

We now turn to the plaintiff's claim that the court improperly denied her motion for a new trial because the defendant's assertions during closing argument improperly called into question the plaintiff's credibility. We conclude that the record is inadequate to review this claim.

The following additional facts and procedural history are largely undisputed. The plaintiff initially sought treatment for her claimed injury with Pedro A. Romero, a physician. The plaintiff ceased treating her injury with Romero after three months. Seventeen months later, the plaintiff resumed treating her injury with Romero. At trial, she testified that during the seventeen month period in which she was not treating her injury with Romero, she was treating it with Raymond London, another physician. She also testified that London had prescribed her ibuprofen in connection with his treatment.

During closing argument, the defendant's counsel indicated that although the plaintiff claimed to have treated her injury with London, she had failed to present any medical records to corroborate such a claim. He further argued that although the plaintiff claimed that

London had prescribed her ibuprofen, the defendant had presented proof that this had not occurred.[3]

After the defendant's counsel completed his closing argument, the plaintiff's counsel, outside of the presence of the jury, took exception to these two assertions. After hearing argument from both counsel,[4] the court stated: "All right. All right. We need to bring the jury back in. Okay. Thank you." The court offered no further explanation, nor took any action with respect to the plaintiff's exceptions.

After the jury returned a verdict in favor of the defendant, the plaintiff, on October 6, 2006, filed a motion for a new trial in which she argued that two assertions made by counsel for the defendant during closing argument improperly called her credibility into question. In support of this argument, she contended that London's medical records indicated that he had in fact prescribed her ibuprofen and that she had failed to introduce London's medical records pursuant to an in chambers agreement that had been reached with the defendant's counsel. The defendant, on October 25, 2006, filed an objection to the motion for a new trial, in which it argued that London's medical records clearly indicated that he had prescribed the plaintiff ibuprofen in relation to an entirely unrelated injury and, further, that an agreement not to introduce London's medical records did not exist. The court, on February 7, 2007, denied

---

[3] The defendant's counsel referenced a medical record from Romero's second round of treatment that stated that he would "start her on ibuprofen" and argued to the jury that "[i]f [the plaintiff] was on [ibuprofen], she would have said, Dr. [Romero], I'm already on this. Dr. London has me on it. She wouldn't need to be put on it."

[4] The court questioned the plaintiff's counsel as to whether London had in fact prescribed ibuprofen for the plaintiff. The plaintiff's counsel was unable to state whether this had occurred. The plaintiff's counsel further contended that he had failed to introduce London's medical records due to either an agreement he had reached with the defendant's counsel or a motion in limine that had precluded their introduction.

the plaintiff's motion. No memorandum of decision or oral ruling accompanied this denial. We are therefore left without findings of fact or conclusions of law as to the court's decision.

This court was presented with a similar scenario in *Ceslik* v. *Winer*, 62 Conn. App. 650, 772 A.2d 655 (2001). In *Ceslik*, the plaintiff had brought an action to recover on a promissory note. Id., 651. After the trial court rendered judgment in favor of the defendant, the plaintiff filed a motion for a new trial on the basis of newly discovered evidence. Id. The trial court denied the plaintiff's motion for a new trial without supplying a written memorandum of decision or oral ruling. Id. On appeal, this court concluded that because the plaintiff had failed to request an articulation of the trial court's decision, the record before it was inadequate to review the plaintiff's claim. Id., 653. This court reasoned as follows:

"This court has consistently adhered to the rule of Practice Book § 61-10, which provides that it is the responsibility of the appellant to provide an adequate record for review. . . . It was, therefore, incumbent on the plaintiff to move for an articulation of the court's ruling pursuant to Practice Book § 66-5.

"Further, this court has held that the responsibility that arises out of Practice Book § 61-10 includes moving for articulation when the trial court has failed to state the basis of a decision . . . [or when] the legal basis of a ruling is unclear . . . .

"The plaintiff's failure to request an articulation of the court's decision pursuant to Practice Book § 66-5 has resulted in an inadequate record for this court to review the court's factual findings that formed the basis of its decision. Thus, [w]e are . . . left to surmise or speculate as to the existence of a factual predicate for the trial court's [ruling]. Our role is not to guess at possibilities, but to review claims based on a complete

factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Citations omitted; internal quotation marks omitted.) Id., 651–53.

Accordingly, we conclude that under the present circumstances, the plaintiff was required to file a motion for an articulation so as to provide us with an adequate record for appellate review. Because the plaintiff failed to do so, we are unable to review her claim.

The judgment is affirmed.

In this opinion the other judges concurred.