J-S39028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIE ALAN BAKER | : | |
| | : | |
| Appellant | : | No. 1857 MDA 2017 |

Appeal from the PCRA Order October 6, 2017
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000538-2014

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 21, 2018**

Jeremie Alan Baker (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As we conclude that counsel fulfilled the procedural requirements of *Turner/Finley*, and this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant's PCRA petition.

The facts underlying this appeal stem from an incident that occurred during the early morning hours of May 21, 2014, during which Appellant entered the home of Sanjin and Rashmi Mohla and robbed them at gunpoint. Appellant, who worked for Mr. and Mrs. Mohla, was aware that they regularly

brought cash home at the end of each business day and kept it in their kitchen or bedroom until Mrs. Mohla would deposit the funds at the bank the next day. Following a jury trial, Appellant was convicted of one count each of burglary, robbery, and criminal conspiracy to commit robbery,[1] and sentenced to an aggregate term of 11 to 22 years in prison. On October 21, 2016, this Court affirmed the judgment of sentence. *Commonwealth v. Baker*, 2016 WL 6135377 (Pa. Super. Oct. 21, 2016) (unpublished memorandum).

On April 24, 2017, Appellant filed a *pro se* PCRA petition. Attorney Jamison Entwistle was appointed as counsel and filed an amended petition. On August 8, 2017, the PCRA court issued its notice of intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response, and, on October 10, 2017, the PCRA court denied the petition. This timely appeal followed.

On appeal, this Court noted that although Appellant filed his appeal *pro se*, there was no indication in the docket that his attorney had ever withdrawn her appearance. Accordingly, this Court remanded the case to the PCRA court to determine whether Appellant wished to proceed with current counsel or to conduct a *Grazier*[2] hearing if Appellant wished to proceed *pro se*. On

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3701(a)(1)(ii), and 903(a)(1).

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, intelligent, and voluntary).

February 12, 2018, a hearing was held in which Appellant indicated his desire to be represented by counsel.

On April 12, 2018, Attorney Entwistle filed a petition to withdraw with this Court, attaching her **Turner/Finley** no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant filed an application for relief and a *pro se* response to the **Turner/Finley** letter on May 8, 2018. Appellant then filed a second application for relief on May 11, 2018.[3]

Counsel's **Turner/Finley** no-merit letter raises two issues:

1. Whether the PCRA [c]ourt erred in dismissing without [a] hearing Appellant's PCRA [p]etition when he claims the Commonwealth withheld discovery and violated his constitutional rights under 42 Pa.C.S.A. § 9543(a)(2)(i)[?]

2. Whether the PCRA [c]ourt erred in dismissing Appellant's PCRA [petition] without [a] hearing when trial counsel was ineffective in failing to obtain discovery, specifically a photographic line-up, and trial counsel failed to advise Appellant on the existence of, or the implications of the same prior to trial[?]

**Turner/Finley** Brief at 4, 7. Appellant filed a *pro se* "Brief in Opposition to Jamison Entwistle, Esq. Motion to Withdraw as Counsel" in response to Attorney Entwistle's **Turner/Finley** no-merit letter.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and

---

[3] Appellant's two applications for relief consisted of a motion to compel discovery in which Appellant sought copies of transcripts and an application for relief seeking discovery pursuant to Pa.R.Crim.P. 573(A). This Court denied both applications for relief by order dated June 4, 2018.

free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Before we may review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, . . . this Court[ ] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the [C]ourt will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Here, in the *Turner/Finley* no-merit letter, Attorney Entwistle described the extent of her review, identified the issues that Appellant sought to raise, and explained why the issues lacked merit. In addition, Attorney Entwistle has indicated that she provided Appellant with a notice of her intention to seek permission to withdraw from representation, a copy of the *Turner/Finley* no-merit letter, and advised Appellant of his rights in lieu of representation. Motion to Withdraw as Counsel, 4/12/18, at 1-3 (unnumbered pages). Thus, we conclude that Attorney Entwistle has substantially complied with the requirements necessary to withdraw as counsel. ***See***

*Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner/Finley* criteria). We now independently review Appellant's claims to ascertain whether they entitle him to relief.

In Appellant's first issue, as raised in the *Turner/Finley* no-merit letter, he asserts that the PCRA court erred in dismissing his petition where the Commonwealth violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Our Supreme Court has held that "[t]o prove a *Brady* violation, the defendant must show that (1) the prosecutor has suppressed evidence; (2) the evidence whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." *Commonwealth v. Busanet*, 54 A.3d 35, 48 (Pa. 2012) (citing *Commonwealth v. Pagan*, 954 A.2d 270, 291 (Pa. 2008)). Finally, we note that "[t]here is no *Brady* violation when the appellant knew, or with reasonable diligence, could have uncovered the evidence in question." *Commonwealth v. Paddy*, 15 A.3d 431, 451 (Pa. 2011).

The primary thrust of Appellant's *Brady* claim concerns a photographic lineup allegedly withheld that would have induced Appellant to enter into a plea agreement. *Turner/Finley* letter, 4/12/18, at 6. Appellant avers that

"his decision to take the matter to trial was made without full knowledge and understanding of the evidence against him (i.e. the photographic line-up)." *Id.*

The PCRA court concluded that Appellant's claim did not entitle him to relief because Appellant's claim is refuted by the record. Specifically, the PCRA court noted that the existence of the photographic lineup "is identified in the affidavit of probable cause supporting the criminal complaint and the affidavit of probable cause supporting the search warrant[,] . . . both of which were served on the [Appellant]. PCRA Court Opinion, 8/9/17, at 2. Specifically, the affidavit of probable cause states:

> A photo line up [sic] was prepared by FSU member Tpr. Michael WEAVER prior to my arrival at the MOHLA'D residence. A lineup was prepared with a photo of the [Appellant] along with additional photo's [sic] of individuals of the accused's likeness. Upon viewing the line up [sic] containing [Appellant], Rashmi immediately picked out the [Appellant's] photograph and stated that he was the man who broke in to [sic] her residence with the other suspect and was in the bedroom with her during the robbery.

Affidavit of Probable Cause, 11/7/14, at 2.

Moreover, the PCRA court emphasized in its opinion that the photographic lineup had little, if any, impact on Appellant's prosecution. PCRA Court Opinion, 8/9/17, at 2. Notably, the PCRA court noted that the victims were personally familiar with Appellant, had the opportunity to observe Appellant at the time of the incident, and identified him by name to the investigating officers prior to any photographic lineup being conducted. *Id.* Accordingly, the PCRA court concluded that Appellant's knowledge of the

photographic lineup would not have impacted his "decision making process more than the known information that the victim[s] personally knew him and identified him by name prior to the lineup . . . ." ***Id.*** at 3.

We agree with Attorney Entwistle and the PCRA court that Appellant's claim is meritless. Appellant had knowledge of the photographic lineup as it was referenced in several pleadings, all of which were served on the Appellant. Moreover, the victims personally identified Appellant by name prior to a photographic lineup being conducted. Appellant does not allege that the photographic lineup resulted in an unlawful conviction or that trial counsel was ineffective for failing to file a motion to suppress the photographic lineup. Rather, his only claim is that the Commonwealth failed to inform him of the existence of the photographic lineup. As the record clearly refutes Appellant's claim, we conclude that the PCRA court did not err in denying it.

In Appellant's second issue, as raised in the ***Turner/Finley*** no-merit letter, he contends that the PCRA court erred in dismissing his case without a hearing when trial counsel was ineffective for failing to obtain the photographic lineup.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice

- 8 -

measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

With respect to the dismissal of a PCRA petition without a hearing, this Court has explained:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. 2010) (internal citations and brackets omitted). If the PCRA court "can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Here, Appellant argues that an evidentiary hearing was necessary for him to present evidence to prove that trial counsel was ineffective for failing

to secure a copy of the photographic lineup prior to trial. As discussed above, the evidence Appellant would have presented in support of this claim would be directly contradicted by the fact that he was served a copy of the affidavits of probable cause and by the fact that the victims personally knew Appellant. Thus, an evidentiary hearing would not have provided Appellant with an avenue for relief. As there was no genuine issue of material fact in controversy, no purpose would have been served by holding a hearing. Accordingly, the PCRA court did not err in denying Appellant's petition without a hearing.

We now turn to the additional issue raised by Appellant in his *pro se* response to the **Turner/Finley** no-merit letter. Appellant claims that the trial court erred when it failed to give a **Kloiber**[4] instruction. A **Kloiber** charge is appropriate where there are special identification concerns, *i.e.*, a witness did not have the opportunity to clearly view the defendant or had difficulty making an identification in the past. **Commonwealth v. Rollins**, 738 A.2d 435, 448 n. 14 (Pa. 1999); **Commonwealth v. Gibson**, 688 A.2d 1152, 1163 (Pa. 1997). However, "[w]hen the witness already knows the defendant, this prior familiarity creates an independent basis for the witness's in-court identification of the defendant and weakens ineffectiveness claims based on

---

[4] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954).

counsel [sic] failure to seek a **Kloiber** instruction." **Commonwealth v. Ali**, 10 A.3d 282, 303 (Pa. 2010) (citations omitted).

Here, Appellant did not raise any **Kloiber** challenge in his initial PCRA petition. Likewise, in his Supplemental PCRA petition, Appellant restated his claim of trial court error and ineffective assistance of counsel as it relates to the photographic lineup. Appellant did not file an amended petition or present any specific allegations of trial court error for failing to issue a **Kloiber** instruction before the PCRA court. Thus, because Appellant failed to raise any claim related to the trial court's failure to issue a **Kloiber** instruction in his initial PCRA petition or his Supplemental PCRA petition, his claim on appeal is waived. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."); **see also Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007) (stating that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal."). Moreover, even if Appellant did not waive this claim there is no dispute that the victims already knew Appellant, creating an independent basis for their identification of Appellant. **See Ali**, 10 A.3d at 303.

Based on the foregoing, the PCRA court properly dismissed Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:09/21/2018